UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS WHITMAN, | ) |
|     Plaintiff, | ) Civil Action No. 5:24-cv-533 |
| v. | ) |
| U.S. DEVELOPMENT CORP. d/b/a AKRO-PLASTICS, | ) JURY TRIAL DEMANDED |
|     Defendant. | ) |

## COMPLAINT

1. Plaintiff, Nicholas Whitman ("Plaintiff" or "Whitman"), brings this civil action, by and through the undersigned attorneys, pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301, *et seq.* ("USERRA"), against defendant U.S. Development Corp., doing business as Akro-Plastics ("Defendant" or "Akro"), for discriminating against Whitman based on his military service in violation of Section 4311 of USERRA and, through Defendant's actions, as alleged with greater specificity below, also constructively discharging Whitman from his employment with Akro.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 38 U.S.C. § 4323(b)(3).

3. Venue is proper in the Northern District of Ohio under 38 U.S.C. § 4323(c)(2) and 28 U.S.C. § 1391(b)(1) and (2) because both Plaintiff and Defendant are located in and operate within this judicial district and because the events giving rise to Whitman's claims occurred in the Northern District of Ohio.

1

## PARTIES

4. Plaintiff is Nicholas Whitman, a resident of the City of Akron, Summit County, Ohio, which is within the jurisdiction of this Court.

5. Defendant, Akro-Plastics, is located in and operates within this judicial district and maintains a place of business in the City of Kent, Portage County, Ohio.

6. Defendant is an "employer" within the meaning of 38 U.S.C. §4303(4)(A) and is subject to suit under USERRA under 38 U.S.C. § 4323(a).

## FACTUAL ALLEGATIONS

7. In October 2016, Whitman enlisted in the United States Air Force ("USAF").

8. In September 2017, Whitman began USAF Advanced Individual Training school for training to work as an Air Force Aircraft Metals Technologist ("AMT"). As an AMT, Whitman works with metal lathes and Computerized Numerical Control ("CNC") milling machines to fabricate metal parts, performs metal welding, and inspects metal parts, airframes, and aircraft engines.

9. In September 2018, Whitman left active-duty military service and was assigned to military drill status with the Ohio Air National Guard.

10. In 2020, Whitman was promoted to Staff Sergeant (E-5) and assigned to the 180th Fighter Wing (180 FW) Ohio Air National Guard.

11. Whitman continues to serve in the Ohio Air National Guard.

12. In June 2022, Akro hired Whitman as a CNC operator to work on the factory floor to produce various parts and products produced by Akro for customers.

13. In Fall 2022, Whitman had his first-ever performance review for his work at Akro and received a nearly perfect review.

14. In September 2022, Whitman learned that Akro sought to fill an entry-level administrative human resources position in Akro's human resources department (the "Administrative HR position").

15. Whitman applied for the Administrative HR position.

16. Akro interviewed Whitman for the Administrative HR position.

17. Prior to the first interview for the Administrative HR position, Whitman gave notice to both his supervisor and Akro's plant production manager about an upcoming three-month military deployment with USAF, beginning in early 2023.

18. In September 2022, the Akro official who conducted Whitman's interview for the Administrative HR position knew about Whitman's upcoming three-month military deployment.

19. In mid-October 2022, Akro conducted a second interview of Whitman for the Administrative HR position.

20. During the second interview, Whitman was told that his upcoming three-month military deployment was a "negative" and that Whitman's absence for the three-month military deployment would be "a hindrance" to hiring Whitman for the Administrative HR position.

21. During the second interview, when Whitman started to talk about USERRA's protections, an Akro official said that he didn't believe USERRA was a "real law."

22. Akro conducted a third interview of Whitman for the Administrative HR position.

23. During the third interview in late-October 2022, an Akro official told Whitman that he would have selected Whitman for the Administrative HR position but for Whitman's military commitment and that the official had decided to hire another candidate.

24. When Whitman tried to provide the Akro official with a paper packet of USERRA research, he refused to consider it.

25. On October 26, 2022, Whitman filed a claim with the U.S. Department of Labor, Veterans' Employment and Training Service ("VETS"), alleging that Akro discriminated against Whitman when it failed to promote him and hire him into the Administrative HR Position based on his obligation to perform military service.

26. VETS began an investigation of Whitman's claim against Akro.

27. In November 2022 during the investigation, an Akro official told VETS that the official would have hired Whitman for the Administrative HR position but for the deployment, which would make him unavailable when Akro needed someone to start in the Administrative HR position.

28. Beginning December 28, 2022, Whitman deployed with the USAF for the planned three-month period of military service.

29. On March 30, 2023, VETS notified Whitman and Akro that it had determined Whitman's allegations were meritorious and that Akro was not in compliance with 38 U.S.C. 4311 and 20 C.F.R. 1002.23.

30. On March 31, 2023, Whitman requested that VETS refer the matter to the U.S. Department of Justice to consider providing representation to protect his USERRA Rights.

31. On April 11, 2023, Whitman completed his three-month military deployment with the USAF.

32. Approximately two weeks after his discharge from the military, Whitman returned to work at Akro as a CNC operator.

33. When Whitman returned to Akro, he noticed an abrupt change in attitudes towards him by Akro's officials and managers. Prior to his deployment, Whitman had a

congenial and close working relationship with them. However, upon Whitman's return to work after deployment, they all generally avoided speaking to him.

34. On April 27, 2023, an Akro official asked to talk to Whitman about his VETS case. The official stated that he believed Whitman was not qualified for the Administrative HR position. The official further told Whitman that he would let the legal system decide the VETS case and that Akro would ensure that Whitman would not get the promotion to the Administrative HR position.

35. In May 2023, Whitman received permission from a supervisor to work several upcoming workdays on a half-day schedule. However, an Akro official overruled the previously approved schedule and denied Whitman's request.

36. As a result of the conduct of Akro's managers and officials towards Whitman, he resigned from his CNC Operator job at Akro.

37. Defendant's violation of USERRA Section § 4311 was willful under 38 U.S.C. § 4323(d)(1)(C).

38. As a result of Defendant's conduct, Whitman suffered loss of earnings and other benefits.

## CLAIMS FOR RELIEF

### COUNT I
### Discriminatory Failure to Promote
### 38.U.S.C. § 4311

39. Whitman realleges and incorporates the allegations set forth in Paragraphs 7 through 38.

40. Defendant violated Section 4311 of USERRA when it failed to promote Whitman and hire him for the Administrative HR position based on his military service obligations.

5

41. Whitman's military service obligations and his absence from his civilian job to perform military service motivated Akro to deny him the promotion into the Administrative HR position.

42. Akro repeatedly referred to Whitman's military deployment as the reason Whitman was not promoted to the Administrative HR position.

43. Akro refused to consider Whitman's assertion of his rights under USERRA or Whitman's attempts to inform Akro of his USERRA rights.

44. Akro's violation of USERRA was willful.

45. As a result of Akro's conduct, Whitman has suffered lost earnings and other benefits.

## COUNT II
### Constructive Discharge
### 38.U.S.C. § 4311

46. Whitman realleges and incorporates the allegations set forth in Paragraphs 7 through 38.

47. Akro discriminated against Whitman in violation of Section 4311 of USERRA by making his working conditions so intolerable that he felt compelled to resign from Akro.

48. Akro subjected Whitman to working conditions that were so difficult or unpleasant that a reasonable person would have felt compelled to resign.

49. The intolerable working conditions were based on Whitman's military service and his efforts to enforce his USERRA rights.

50. Akro's violation of USERRA was willful.

51. As a result of Akro's conduct, Whitman has suffered lost earnings and other benefits.

**PRAYER FOR RELIEF**

WHEREFORE, Whitman prays that the Court enter judgment against Akro and that the Court:

A. declare that Akro violated USERRA Section 4311 when it failed to promote Whitman by hiring him for the Administrative HR position based on his military service obligations and his absence from his civilian job to perform military service;

B. declare that Akro violated USERRA Section 4311 when it made Whitman's working conditions so intolerable that he was compelled to resign from Akro;

C. declare that Akro's violations were willful;

D. order Akro to comply fully with the provisions of USERRA by paying Whitman for his lost wages and other benefits suffered by reason of Akro's violation of USERRA;

E. order Akro to comply fully with the provisions of USERRA by paying Whitman liquidated damages in an amount equal to his lost wages and benefits;

F. award Whitman any prejudgment interest on the amount of lost wages and benefits due;

G. enjoin Akro from taking any action against Whitman, or any other current or former employee or servicemember, that violates USERRA; and

H. grant any other relief that may be just and proper together with any costs and disbursements in this action.

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Whitman demands trial by jury as to all issues triable.

Respectfully submitted, this 21st day of March, 2024.

|  |  |
|---|---|
|  | KRISTEN CLARKE<br>Assistant Attorney General<br>Civil Rights Division |
|  | KAREN D. WOODARD<br>Chief |
| By: | /s/ *Joseph J. Sperber IV*<br>CLARE F. GELLER<br>(NY Registration No. 4087037)<br>Deputy Chief<br>JOSEPH J. SPERBER IV<br>(NY Bar No. 2662526)<br>Trial Attorney |
|  | U.S. Department of Justice<br>Civil Rights Division<br>Employment Litigation Section<br>950 Pennsylvania Avenue, N.W.<br>4CON Building, Room 9-1130<br>150 M Street, N.E.<br>Washington, DC 20530<br>Telephone: (202) 598-9249<br>Facsimile: (202) 514-1005<br>E-mail: joseph.sperber@usdoj.gov |
|  | REBECCA C. LUTZKO<br>United States Attorney |
|  | PATRICIA FITZGERALD<br>Chief, Civil Division |
|  | U.S. Attorney's Office for the<br>Northern District of Ohio<br>2 South Main Street<br>Akron, Ohio 44308<br>Email: patricia.fitzgerald2@usdoj.gov |