*Nicholas Whitman v. U.S. Development Corp., d/b/a Akro-Plastics*
Case Number:__5:24-cv-533_____
United States District Court, Northern District of Ohio, Eastern Division

**SETTLEMENT AGREEMENT**
**BETWEEN NICHOLAS WHITMAN**
**AND**
**U.S. DEVELOPMENT CORP. d/b/a AKRO-PLASTICS**

1.      This Settlement Agreement ("Agreement") is entered between Plaintiff, Nicholas Whitman ("Plaintiff" or "Whitman"), and Defendant, U.S. Development Corp., doing business as Akro-Plastics ("Defendant" or "Akro"), (collectively, the "Parties") to effectuate a compromise and settlement of all claims raised in a complaint Plaintiff made through the United States Department of Labor Veterans' Employment and Training Service ("VETS") program, USERRA Case No. OH-2023-00007-10-G, and a Complaint to be filed in the United States District Court for the Northern District of Ohio, Eastern Division (the "Action").

2.      The Complaint alleges that Akro violated the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301 *et seq.* ("USERRA"), by discriminating against Mr. Whitman based on his military service in violation of Section 4311 of USERRA and, through Defendant's actions, also constructively discharging Whitman from his employment with Akro.

3.      Defendant denies that it discriminated against Mr. Whitman in violation of USERRA or in any other manner or constructively discharged Mr. Whitman. Defendant's agreement to settle this matter should not be construed as an admission of liability.

4.      The Parties have decided to enter into this Agreement to amicably resolve their dispute and to avoid the economic and other costs of litigation.

5.      The Parties intend that this Agreement be a final and binding disposition of

1

all claims alleged in the Complaint to be filed in this case.

6.      In consideration of the mutual promises and obligations set forth below, the Parties agree to the following material terms and conditions:

7.      The Parties acknowledge the jurisdiction of the Unites States District Court for the Northern District of Ohio over the subject matter of this Action and of the Parties to this Action for the purpose of enforcing this Agreement.

8.      The Parties agree that venue is proper in this judicial district for purposes of entering this Agreement and any proceedings related to this Agreement.

9.      The Parties also agree that all conditions precedent to the institution of this Action and its settlement have been fulfilled.

10.     Defendant shall not take any action against any person, including but not limited to Plaintiff, which constitutes retaliation or interference with the exercise of such person's rights under USERRA because such person gave testimony, provided assistance, or participated in any manner in an investigation or proceeding in connection with this Action.

11.     Within twenty (20) days from the date the United States District Court dismisses the Complaint filed pursuant to Paragraph 33 of this Agreement (the "Effective Date"), Akro shall pay (or cause to be paid) to Plaintiff a total sum of FIFTEEN THOUSAND DOLLARS AND NO CENTS ($15,000.00) (the "Settlement Amount"). The Settlement Amount will be paid to Mr. Whitman by Akro as damages for lost wages pursuant to 38 U.S.C. § 4323(d)(1)(B), less only the applicable withholdings and deductions required for such wage payments.

12.     Akro shall separately pay all employer-side taxes and employer-paid withholding and deductions on behalf of Mr. Whitman and shall not deduct any portion of

such taxes from the Settlement Amount paid to Mr. Whitman.

13.     Akro shall pay all such withheld monies to the appropriate governmental agencies and shall issue the appropriate tax forms to Whitman in accordance with the characterization of the Settlement Amount set forth above on or before the date required by law.

14.     The Settlement Amount check shall be made payable to Nicholas Whitman, and Akro shall mail to Mr. Whitman in care of the United States Department of Justice by overnight delivery service to the following address:

> Attn: Joseph Sperber / Clare Geller
> U.S. Department of Justice
> Employment Litigation Section
> 4CCON, Room 9-1818
> 150 M Street N.E., 9th Floor
> Washington, DC 20002

15.     Within ninety (90) days of the Effective Date, Akro will submit to the Department of Justice for review and approval Akro's policies, procedures, and training materials relating to prevention of violations of USERRA for all Akro's owners, managers, supervisors, and Human Resources staff responsible for USERRA compliance. The training materials shall be consistent with the U.S. Department of Labor, Veterans' Employment & Training Service's ("VETS") USERRA Guide. See VETS, A Guide to the Uniformed Services Employment and Reemployment Rights Act, available at https://www.dol.gov/agencies/vets/programs/userra/USERRA-Pocket-Guide

16.     Within thirty (30) days of Akro's submission to the Department of Justice of Akro's policies, procedures, and training materials relating to prevention of violations of USERRA pursuant to paragraph 15 above, the Department of Justice shall provide feedback, comments, or approval of Akro's policies, procedures, and training materials.

3

17.    Within sixty (60) days of the Department of Justice approving Akro's policies, procedures, and training materials under paragraph 16, above, Akro shall provide certification of implementation of the policies and procedures relating to prevention of violations of USERRA and completion of training on said policies and procedures for all Akro's owners, managers, supervisors, and Human Resources staff responsible for USERRA compliance.

18.    Within thirty (30) days from the Effective Date of this Agreement, Akro shall post a notice in a prominent place or places frequented by its employees regarding its intent to comply with USERRA; advising its employees of their rights to reemployment after military leave, to complain about or oppose discrimination based on military status, and to be free from retaliation; and advising its employees of their right to contact federal and state anti-discrimination agencies.  The notice shall be posted in appropriate locations in Akro's workspace in the same manner as other mandatory EEO notices.

19.    Upon posting of the notice, Akro shall send the United States, a photo of the posting described in Paragraph 18, above.

20.    If Mr. Whitman, or any prospective employer of Mr. Whitman, seeks a reference from Akro, it must be addressed to Jerry Ramsey, President, or Fred Maurer, Director of Human Resources.  Upon receipt of such request by Mr. Ramsey or Mr. Maurer, they will respond with dates of employment, position held, and hourly rate, and will provide no other information.  If a reference request is addressed to anyone other than Mr. Ramsey or Mr. Maurer, Akro is not responsible for the response.

21.    For and in consideration of the relief being provided to him as described in this Agreement, Mr. Whitman releases and discharges Akro (including any and all of its

officers, directors, employees, agents, attorneys, and all their predecessors and successors in interest) from his USERRA claims arising out of this Action.

22.    The Parties shall endeavor in good faith to resolve informally any differences regarding interpretation of or compliance with this Agreement prior to initiating any court action.

23.    If either Party believes that there has been a failure by the other Party to perform in a timely manner any act required by this Agreement, or otherwise to act in conformance with any provision thereof, whether intentionally or not, the first Party will notify the other Party in writing of the concerns about breach, and the Parties will attempt to resolve those concerns in good faith. Unless otherwise expressly agreed in writing, the responding Party shall have thirty (30) days from the date the first Party provides notification of any breach of this Agreement to cure the breach, unless such breach cannot be cured using reasonable efforts in such period, in which case the responding Party will begin undertaking the curing of such breach within such period and will diligently pursue such cure. If the Parties are unable to resolve a dispute over whether Defendant has breached the Agreement, either Party may file a civil action to enforce the Agreement. The Parties agree that the United States District Court for the Northern District of Ohio, Eastern Division is the proper venue to enforce this Agreement and that they may, in any action to enforce this Agreement, seek to have the court impose any remedy authorized at law or equity.

24.    The Parties agree that, as of the date of the dismissal of the Action, litigation is not "reasonably foreseeable" concerning the matters alleged in Plaintiff's Complaint. To the extent that any Party previously implemented a litigation hold to preserve documents, electronically stored information ("ESI"), or things related to the matters described above, the

Party is no longer required to maintain such litigation hold.  Nothing in this Paragraph relieves any Party of any other obligations imposed by this Agreement.

25.     This Agreement may be executed in separate counterparts, which may be in original or in electronic image copy or format (e.g. facsimile, .pdf, .tiff, etc.).

26.     Each Party and signatory to this Agreement represents that it freely and voluntarily enters into this Agreement without any degree of duress or compulsion.  For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

27.     The undersigned representatives of Plaintiff and Defendant and their counsel represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.  This Agreement is binding on all Parties, successors, transferees, heirs, and assigns.  The Parties shall bear their own costs and expenses in this Action, including attorney fees.

28.     If any provision of this Agreement is found to be unlawful, only the specific provision in question shall be affected and the other provisions shall remain in full force and effect.

29.     The Parties agree that they will not, individually or in combination with another, seek to have any court declare or determine that any provision of this Agreement is illegal or invalid.

30.     This Agreement constitutes the entire agreement and commitments of the Parties.

31.     Any modifications to this Agreement must be mutually agreed upon and

memorialized in writing signed by all the Parties.

32.     The term of the Agreement will be for twelve (12) months from the Effective Date.

33.     The Parties agree that, to consummate this Agreement, the United States shall file the Complaint with the United States District Court for the Northern District of Ohio, and, immediately after that, the Parties shall file a Joint Motion for Dismissal with the Court, under Rule 41(a)(2) of the Federal Rules of Civil Procedure.  The Parties further agree that the proposed Dismissal Order attached to their Joint Motion for Dismissal shall provide that the Complaint be dismissed with prejudice, with the Court retaining jurisdiction for twelve (12) months for the purpose of enforcement of this Agreement.

BALANCE OF PAGE INTENTIONALLY LEFT BLANK.

*Agreed and Consented to by Nicholas Whitman*

_Nicholas Whitman_                                        _20 March 2024_
Nicholas Whitman                                          Date

7

/s/  *Joseph J. Sperber IV*                          20 March 2024
CLARE F. GELLER                                          Date
JOSEPH J. SPERBER IV
U.S. Department of Justice
Civil Rights Division
Employment Litigation Section
950 Pennsylvania Avenue, N.W.
4CON Building, Room 9-1130
150 M Street, N.E.
Washington, DC  20530
Telephone: (202) 598-9249
Facsimile: (202) 514-1005
Email: joseph.sperber@usdoj.gov

Patricia Fitzgerald
Chief, Civil Division
U.S. Attorney's Office for the
Northern District of Ohio
2 South Main Street
Akron, Ohio 44308
Email: patricia.fitzgerald2@usdoj.gov
*Counsel for Nicholas Whitman*


*Agreed and Consented to by and on behalf of*
*U.S. Development Corp., d/b/a Akro-Plastics*


Jerry Ramsey, President                          3-21-24
                                                                     Date